ANNIE BALL, Appellant, v. THE CITY OF NEW YORK, Respondent.—
Judgment unanimously affirmed, with costs. No opinion. Present —
Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

ISAAC J. COHEN, Appellant, v. WILLIAM M. BARRETT, as President of the
ADAMS EXPRESS COMPANY, Respondent.— Defendant served the answer
after the time to answer had expired, and plaintiff was justified in rejecting
it. Defendant's remedy, if he has any, is by motion to open the default,
The order is, therefore, reversed, with ten dollars costs and disbursements.
and motion denied, with ten dollars costs. Jenks, P. J., Mills, Rich, Putnam
and Kelly, JJ., concur.

MARY EAGAN, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF
NEW YORK, Appellant.— Until a personal representative of respondent is
substituted so that this appeal be revived, it cannot be heard. The cause
is, however, retained until June 1, 1920, to await such revivor. Jenks, P. J.,
Mills, Rich, Putnam and Blackmar, JJ., concur.

ELIEZER ENGLEMAN, Respondent, v. DONATO MONTANO, Appellant.—
Judgment and order of the County Court of Kings county unanimously
affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich,
Blackmar and Kelly, JJ.

SARAH FAIRHURST, Respondent, v. HANNAH M. TAG, Appellant.— The
testimony from defendant's chauffeur, called on the retrial, supplies an
explanation for plaintiff's failure to have seen defendant's automobile. At
the time she looked in crossing Jefferson avenue a south-bound trolley car
on Nostrand avenue had shut off the automobile from her sight. The
question of defendant's negligence and plaintiff's alleged failure of care were
left to the jury, in a charge free from exception. The judgment and order
are, therefore, affirmed, with costs. Jenks, P. J., Mills, Rich and Putnam,
JJ., concur; Blackmar, J., concurs in the result.

In the Matter of the Application of the CITY OF NEW YORK, Relative to
Acquiring Title to Lawrence Avenue from 47th Street to Ocean Parkway,
etc. JOHN LUCK and Another, Appellants; WOOD HARMON WARRANTY
CORPORATION, Respondent.— Order affirmed, with ten dollars costs and
disbursements. No opinion. Jenks, P. J., Mills, Rich, Putnam and Black-
mar, JJ., concur.

In the Matter of the Application for the Probate of a Paper Propounded
as the Last Will and Testament of HARRIETT JUENGST, Deceased. FREDER-
ICK C. SOMMER, Appellant; ROBERT A. HALL, Respondent.— The surrogate
has granted a motion of the sole heir at law and next of kin to file objections
to probate of a will of his deceased daughter. The original citation was
returned on January 6, 1920, when he did not file objections. However,
after the standing of the original contestants appeared to be doubtful, and
a motion was noticed to dismiss their objections, the father promptly applied
for leave to come in and contest the probate, which was granted. There
is nothing in the papers to show that the testimony on behalf of the proponent
was closed, and in any event, under Code of Civil Procedure, section 2617,
the order was clearly within the surrogate's discretion. The order of the
Surrogate's Court of Westchester county is, therefore, affirmed, with ten